UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DAVID STEBBINS, PLAINTIFF

VS. <u>Case 23-15531</u>

KARL POLANO, et al DEFENDANTS

## MOTION FOR SUMMARY REVERSAL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Summary Reversal in the above-styled action.

### TABLE OF CONTENTS

| Section | Page(s) |
|---|---|
| I. TABLE OF CONTENTS | 1 |
| II. TABLE OF AUTHORITIES | 2 |
| III. FACTS OF THE CASE | 3 |
| IV. RELIEF SOUGHT | 6 |
| V. ARGUMENT | 7 |
|    1. Recusal | 7 |
|    2. Leave motion vs. Reconsider Motion | |
|    3. Absoluteness of Voluntary Dismissal | 8 |
|    4. Dismissal a Factor in Intervene Motion | 10 |
|    5. Invalidation of Registration | 12 |
|    6. The remaining § 512(f) claim | 14 |
|    7. No Forfeit of Other Grounds | 15 |
| VI. CONCLUSION | 16 |

# TABLE OF AUTHORITIES

**Statutes & Rules** — **Page(s)**

- 17 USC §107A — 5
- 17 USC §410 — 4,13
- 17 USC §411 — 12,13
- 17 USC §512 — 3,4,14
- 28 USC §455 — 7

**Case Law** — **Page(s)**

- Arizona v. Fulminante, 499 US 279, 308 (1991) — 7
- Bordenkircher v. Hayes, 434 US 357 (1978) — 12
- Commercial Space Management Co. v. Boeing Co., 193 F. 3d 1074 (9th Cir. 1999) — 10,11
- Dukes v. Wal-Mart Stores, Inc., Case No. 01-cv-02252-CRB, 5 (N.D. Cal. Aug. 15, 2016) — 11
- Feist Publications, Inc. v. Rural Telephone Service Co., 499 US 340 (1991) — 15
- Fort Sill Apache Tribe of Okla. v. United States1, 2008 WL 2891654, at *1 (W.D. Okla. July 23, 2008) — 11
- Liljeberg v. Health Services Acquisition Corp., 486 US 847 (1988) — 7
- Liteky v. USA, 510 US 540 (1994) — 7
- Unicolors v. H&M, 142 S. Ct. 941 (2022) — 13

# FACTS OF THE CASE

1.     Around late February of 2021, a handful of trolls began to harass and dox me online. This included uploading clips from my YouTube and Twitch channels. This ultimately culminated in me filing suit on June 2, 2021. After the First Amended Complaint, I alleged (A) one count of intentional infliction of emotional distress, (B) two counts of copyright infringement, and (C) two counts of DMCA Misrepresentation under **17 USC §512(f)**, one for issuing a false DMCA Counter-Notification under §512(f)(2), and another for issuing a false, retaliatory DMCA Takedown Notice against me in violation of §512(f)(1). See **Dkt. 11**. After reviewing the complaint pursuant to **28 USC §1915(e)**, the Court dismissed sua sponte the IIED and §512(f)(2) misrepresentation claims, while allowing the copyright infringement claims and the §512(f)(1) misrepresentation claim to all proceed. See **Dkt. 21**. The Complaint was later amended a second time to include another count of copyright infringement. See **Dkt. 55**.

2.     In the Complaint, I listed four corporations and three individuals as defendants. The corporate defendants were Alphabet Inc., Discord Inc., Amazon.com Inc., and Facebook Inc. The individual defendants were Karl Polano of Switzerland, Raul Mateas of the United Kingdom, and Frederick Allison of the State of Georgia. Three of the corporate defendants – Alphabet, Discord, and Amazon – were nominal defendants, who were only included so they could terminate the accounts of the individual defendants after I defeated them in court, pursuant to **17 USC §512(j)**. I eventually dismissed Facebook (the only corporate defendant who was being sued for damages) as a defendant in that case. See **Dkt. 95**.

3.     Since two of the individual defendants were foreign nationals, I had to serve them with process via the Hague Convention, which was a long and tedious process. As a result, the last of the three to be served with process (Karl Polano of Switzerland) was served on March 15, 2022 (see **Dkt. 117 & 118**). All three individual defendants were entered in default, with the latest entry of default happening on April 6, 2022. See **Dkt. 91**, **Dkt. 123**, and **Dkt. 125**.

4.     Because the corporate defendants were only nominal defendants who I was not seeking any substantial relief against, I made the tactical choice to voluntarily dismiss them pursuant to Fed.R.Civ.P. 41(a)(1). See **Dkt. 128**. This happened at 12:57pm, pacific time, on April 11, 2022.

However, at 1:20pm pacific time on that same day, the corporate defendants nonetheless filed their motion to dismiss. See **Dkt. 129**. The District Court struck the motion all the same. See **Dkt. 134**. However, during this Order, the District Court made no secret that he is angry at me for having filed this voluntary dismissal that he personally disapproved of, and threatened to declare me a vexatious litigant if I did it again. See p.1, lines 24-26. Pursuant to **L.R. 27(a)(2)(B)(iii)**, a copy of this opinion is attached as **Exhibit A**.

5.  On April 20, 2022, Alphabet, along with the newly-listed party of YouTube LLC, filed a Motion to Intervene, restating verbatim the arguments they made in their motion to dismiss, and openly acknowledging that they viewed this motion to intervene as a means of circumventing the voluntary dismissal. See **Dkt. 138**. I opposed this motion, claiming, among other things[1], that the voluntary dismissal was absolute and could not be circumscribed in any way, shape, or form, no matter what.

6.  On July 11, 2022, the District Court issued an order granting the motion to intervene, and finding the underlying copyrighted work to not be subject to copyright protection. See **Dkt. 158**, which is attached as **Exhibit B**. When granting the motion to intervene, the District Court openly admitted that he was doing this in large part because he held a grudge against me for issuing the voluntary dismissal. See p.4, lines 17-21. The Court also found that my copyright registration was invalid, but in making this finding, he only found that the registration contained inaccurate information. He did not make the finding that I provided this false information knowingly, or that the Copyright Office would have refused registration had they known the full truth (p.7, lines 3-6), despite acknowledging that both were required (p.7, lines 1-2). Meanwhile, the §512(f)(1) claim remained unadjudicated entirely.

7.  The District Court simultaneously issued a dispositive order in a related case. In Case 4:22-cv-00546-JSW (Stebbins v. Rebolo), the District Court found, among other things, …

    (a) My "proven lack of candor" (specifically, the inaccurate information in the copyright registration for *this* case) overcomes the "presumption of validity" for all other copyrights, as normally required under **17 USC §410(c)**. Therefore, none of the copyrighted works I sought to enforce in that case were valid.

---

1  things I intend to argue in the full brief, should this Motion be denied.

    (b)    All of the infringements were "clearly fair use criticism," despite not considering the totality of the four factors test required by **17 USC §107A(1)-(4)**, and in spite of an earlier order where he stated that all fair use allegations must be determined on a case by case basis, and that blanket determinations of fair use were impossible[2].

    (c)    I am merely attempting to silence online criticism about me. This finding was made without even so much as an iota of evidence.

    (d)    And many, many other things that I need not get into in this case because it is not the subject of this appeal.

8.    See **Dkt. 20**, which is attached as **Exhibit C**.

9.    In both cases, I filed motions for leave to file motions for reconsideration. See **Dkt. 159**. Pursuant to the Local Rules, I did not file a motion for reconsideration outright, since that was not allowed. Instead, I filed motions *for leave to file* motions for reconsideration, which did not contain the arguments that would have been found in the motion for reconsideration. I also moved to recuse. See ¶¶ 11-12.

10.    On March 28, 2023, the District Court issued an order denying the motion for reconsideration, even though I never filed a motion for reconsideration. See **Dkt. 187**, which is attached as **Exhibit D**. He also declined to recuse, citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) in support of its conclusion of law that recusal is required only "if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." In making this conclusion of law, he admits that he does indeed hold a bias against me, just that he felt it was legally exempt from recusal.

11.    I filed a Notice of Appeal forthwith. See **Dkt. 188**.

---

2  See Dkt. 115, p.5, lines 10-17.

**RELIEF SOUGHT**

12. First, I seek an order reversing and remanding the District Court, forcing Judge White to recuse himself from the proceedings and vacate all orders that were entered after he developed his grudge against me. This includes the order granting the motion to intervene and dismissing the case with prejudice.

13. If that is not granted, then I at least request an order reversing and remanding to the District Court, commanding it to deny the motion to intervene on the grounds that intervention cannot be used to circumscribe a voluntary dismissal under Rule 41. The District Court should also be commanded not to consider my voluntary dismissal, or any hard feelings it may have against me for issuing said voluntary dismissal, in any of its future actions, because to do so would be tantamount to punishing me for having issued the voluntary dismissal, and that is patently unconstitutional.

14. I also ask that the District Court be admonished not to invalidate a copyright registration simply because it contains inaccurate information, as the plain text of the statute explicitly states that this is not enough to invalidate a registration on its own.

15. Lastly, the District Court should be ordered to issue a proper ruling on the remaining Sec. 512(f) claim, which he failed to do even after a motion to vacate judgment was filed.

## ARGUMENT

16. Summary reversal, without briefing, is exceptionally rare, and is typically reserved only for cases where the District Court flagrantly failed to properly apply a bright line rule, or where the appellant's fundamental constitutional rights were undeniably violated in such a way that the Court can clearly see from even a preliminary review of the district court record.

### Recusal

17. Recusal is mandatory whenever a judge's impartiality might reasonably be questioned. See 28 USC §455(a). Recusal under this section does not require a showing of *actual* judicial partiality, only the *reasonable appearance* of judicial partiality. See Liljeberg v. Health Services Acquisition Corp., 486 US 847 (1988). Moreover, the right to an impartial judge is so fundamental that it can "never be treated as harmless error." Arizona v. Fulminante, 499 US 279, 308 (1991) (citing Tumey v. Ohio, 273 U.S. 510 (1927)).

18. Here, actual judicial bias (not merely the appearance thereof) is proven by the District Court's own admission. In denying the motion to recuse, the District Court admitted to holding a grudge against me as I feared; he simply felt that he was legally exempt from recusal because of the *source* of the grudge. He cites Toth v. Trans World Airlines in support of his conclusion of law.

19. However, that precedent is not absolute, as the District Court appears to be believe. It was partly superseded by the Supreme Court in the case of Liteky v. USA, 510 US 540 (1994), which states in pertinent part that "opinions formed by the judge on the basis of … events occurring in the course of the current proceedings" do indeed constitute grounds for recusal when "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." See id at 555. Such a showing *necessarily* constitutes grounds for recusal, as evidenced by the word "will" in italics immediately prior to that excerpt, juxtaposed with the word "may" (also in italics) earlier in that same sentence.

20. Here, the level of antagonism required by Liteky is proven by the District Court's own admission. He does not deny holding a grudge against me, nor does he deny that this grudge would be grounds for recusal, were it not for this alleged exception to bias which stems from on-

record sources.

21.    Moreover, he admits on-record that he used this grudge against me as a factor in deciding the motion to intervene (see Exhibit B, p.4), and will likely continue to use it as a factor in all future rulings if he is allowed to remain as my judge. This is not speculative; this is a tangible, proven effect that his bias against me has had that has directly affected my legal rights.

22.    All of this is proven *by the judge's own admission*!

23.    For this reason, this Court should (A) summarily reverse the judgment in the District Court, (B) order Judge White to recuse himself from both this case and the case of Stebbins v. Rebolo, and (C) vacate all orders of the district court in both cases that occur on or after April 11, 2022. Anything short of this is a violation of my absolute constitutional right to an impartial judge.

### Leave Motion vs. Reconsider Motion

24.    After this, the District Court abused its discretion when it proceeded to treat my Motion *for leave to file* a motion for reconsideration as the motion for reconsideration itself. The district court's local rules explicitly require movants to file a motion for leave to file *before* filing the motion for reconsideration itself. See NDCA L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion").

25.    On multiple occasions throughout the case, I repeatedly made it clear, in no uncertain terms, that this motion was not a reconsider motion, but merely a leave motion. See, for example, …

    (a)    The leave motion itself (Dkt. 159), where I repeatedly made such statements as…

        i.    ¶2 ("leave to file a motion to reconsider should be granted so I can provide this legal authority which the Court says I lack.")

        ii.    ¶6 ("If given leave to file the motion to reconsider, I can show ample argument-")

    (b)    Dkt. 167 (Reply to Opposition to Motion to Vacate Judgment), where I make such statements as...

        i.    ¶2 ("I would like to emphasize that the Motion for Leave to File a Motion for Reconsideration... was not meant to be dispositive on its own. As per the local rules, I

cannot simply file the motion for reconsideration without first seeking leave of Court. If leave is granted, then and only then will I file the motion for reconsideration which will contain the actual arguments, facts, and evidence")

ii. ¶4 ("But I need leave from the Court to file the motion to reconsider before I can do that")

iii. ¶6 ("I will provide more if the motion for leave to file a motion for reconsideration is granted")

(c) Dkt. 172-1, ¶13 ("Because I was only supposed to file a motion *for leave to file a motion* for reconsideration, my arguments contained in the motion were admittedly underdeveloped. This was not meant to be the main motion for reconsideration, so I saved my best arguments for the motion proper")

26. Despite these numerous, unambiguous notifications, the District Court nonetheless proceeded to treat the leave motion as a reconsider motion. It then proceeded to deny the motion based on the fact that the motion does not contain fleshed out arguments or legal citations *that weren't supposed to be there*! This is a manifest abuse of judicial power and it deserves summary reversal.

27. At this point, I'm in an impossible situation. If I follow the local rules, the Court can simply treat my leave motion like a reconsider motion and deny it on the basis of how undeveloped my arguments are. But if I file it like a reconsider motion and properly develop my arguments, the District Court can deny the motion on the grounds that it was a reconsider motion improperly styled as a leave motion, and was filed without leave of court as required by Local Rule 7-9(a). At this point, the District Court is *literally* making up the rules as it goes along!

28. If the District Court wishes to abolish the leave requirement and allow motions for reconsideration to be filed without leave of court, it is absolutely within its power to do so. But it must actually amend its local rules in order to do so. Whatever it chooses, this Court should command it to pick a policy and *stick with it*.

29. As for the current case, however, summary reversal is warranted because the District Court flagrantly abused its power and restyled the motion to one it knew full well wasn't actually

before it.

## Absoluteness of Voluntary Dismissal

30. Barring that, the District Court still violated a bright line rule (which, as explained earlier, constitutes grounds for summary reversal, even in the absence of a fundamental constitutional right) when it granted the motion to intervene. The reason this motion to intervene should not have been granted is because it effectively nullified the voluntary dismissal.

31. By the District Court's and Intervenor Defendants' own admission, nullifying the voluntary dismissal was, in fact, the whole point of seeking intervenor standing in the first place. By the Intervenors' own admission, this motion was designed to "deal with" the voluntary dismissal by giving the court "another way" to allow them to stay in the case despite being dismissed. See **Dkt. 138**, p.6, lines 21-22. The Court also openly admitted that it was granting this motion, at least in part, in order to nullify the voluntary dismissal which it disapproved of. See above.

32. However, they cannot do this. The right to a voluntary dismissal is absolute and impenetrable. See Commercial Space Management Co. v. Boeing Co., 193 F. 3d 1074, 1077-80 (9th Cir. 1999):

> "a court has no discretion to exercise once a Rule 41(a)(1) dismissal is filed. It is well settled that under Rule 41(a)(1)(i), a plaintiff has an absolute right to voluntarily dismiss his action… There is nothing the defendant can do to fan the ashes of that action into life… and may not be extinguished or circumscribed by adversary or court… the defendant can't complain, and the district court lacks jurisdiction to do anything about it… the whole point of a Rule 41(a)(1) dismissal is to give the plaintiff an 'absolute' way out."

33. The law makes itself perfectly clear on this. Now that these defendants have been dismissed from the case, they cannot reignite their interest in litigating the case for any reason whatsoever. As a result, this Court should not have granted the defendants' motion to intervene, as that effectively gave the defendants a back door to allow them to fan the ashes of the action back into life, and to circumscribe (however indirectly) the dismissal by adversary or by court. Such a result is explicitly not allowed under the binding precedent. They were dismissed. The dismissal is absolute. There is nothing they can do about it, directly or indirectly. It's over.

They're gone. Period.

34.      When granting the Motion to Intervene, the judge's logic for how it had the power to supersede the voluntary dismissal that cannot be superseded was merely that "Plaintiff cites no authority for the proposition that Rule 41(a) dismissal prevents permissive intervention Rule 24(b) under these circumstances."

35.      But the judge is wrong. I did indeed cite an authority to that effect. Specifically, I cited Comm. Space Man. v. Boeing, which unequivocally and unambiguously held that the effect of a voluntary dismissal is ***absolute***! This means that it necessarily encompasses everything under the sun, literally the entire universe of attorney creativity, from zero to infinity on the X, Y, and Z axes. What's next? If I ask an astronomer to give me the total mass in the entire universe, should I be expected to spell out for him that Jupiter, specifically, is meant to be included in that calculation?! If anything, there should be a positive law stating that a motion to intervene *can* be used to circumvent this otherwise impenetrable right, not a citation stating that it *can't* be used to do that!

36.      But even barring that, there are indeed case laws out there that affirmatively state that a motion to intervene cannot be used to get around a voluntary dismissal under Rule 41(a)(1). See Dukes v. Wal-Mart Stores, Inc., Case No. 01-cv-02252-CRB, 5 (N.D. Cal. Aug. 15, 2016)[3] ("[T]he Court lacks jurisdiction to adjudicate the Proposed Intervenors' Motion to Intervene") and Fort Sill Apache Tribe of Okla. v. United States[4], 2008 WL 2891654, at *1 (W.D. Okla. July 23, 2008) ("The fact that a motion to intervene is pending at the time the notice is filed does not affect the automatic dismissal provided for by Rule 41(a)(1)(A)(i) and (B)… a motion to intervene should not affect the plaintiff's right to dismiss as of right") just to name a few.

37.      Therefore, because the District Court violated a bright line rule by circumventing the voluntary dismissal and refusing to give it the effect to which I was absolutely entitled, summary reversal is warranted.

### Dismissal a Factor in Intervene Motion

38.      To the extent that the right to a voluntary dismissal is not absolute, it was still an abuse of

---

[3] The unpublished opinion can be found at https://scholar.google.com/scholar_case?case=1581261639147081396.
[4] The unpublished opinion can be found at https://scholar.google.com/scholar_case?case=7366738215539446155.

discretion for the Court to consider the dismissal as a factor in granting the motion to intervene.

39. One way in which an appellant can show an abuse of discretion is by showing that the District Court substantially considered a factor that it should not have considered. Here, the judge considered the fact that he did not approve of my voluntary dismissal as a factor when granting the motion to intervene, and he admitted on the record to considering this factor. See Exhibit B, p.4. In making this consideration, the Court made no secret that it sought to discourage future filings of voluntary dismissals it didn't personally approve of. By having this voluntary dismissal, and his disapproval of same, be a factor weighing in favor of granting leave to intervene, the Court was effectively punishing me (however slightly or indirectly) for having issued the dismissal.

40. This is an egregious violation of my constitutional rights. See Bordenkircher v. Hayes, 434 US 357, 363 (1978):

> "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is patently unconstitutional." (citations and quotations omitted).

41. For this reason, this Court should summarily reverse the District Court's decision for abuse of discretion, and remand to the District Court with instructions not to consider the voluntary dismissal in any future orders.

## Invalidation of Registration

42. When discussing the merits of the case, the District Court committed yet another error so egregious that it justifies summary reversal. When it declared the copyright registration invalid, the District Court articulated the correct legal standard under 17 USC §411(b), but then utterly failed to make the findings that it knew were required by law.

43. The District Court declared the registration invalid, and therefore declared that there was no presumption of copyright validity, simply because the registration contained "inaccurate information." Specifically, he is referring to the fact that my copyright registration erroneously listed the livestream as a "dramatic work" when it should have been properly listed as an "audiovisual work." Just on this one error alone, the District Court declared the entire

registration invalid.

44. The plain text of the statute clearly states that a registration cannot be declared invalid just on this alone. See 17 USC §411(b)(1):

> "A certificate of registration satisfies the requirements … ***regardless of whether the certificate contains any inaccurate information***, unless (A) the inaccurate information was included on the application … with knowledge that it was inaccurate; and (B) the inaccuracy … if known, would have caused the Register of Copyrights to refuse registration") (emphasis added).

45. Even errors of law, not just fact, are forgiven under this statute as long as the mistake was made in good faith. See Unicolors v. H&M, 142 S. Ct. 941 (2022).

46. The District Court knew about these two additional requirements. It even listed them at Exhibit B, p.7. But then, it utterly failed to make findings pursuant to these two legal requirements. It never made any finding that *I knew*, at the time that I applied for registration, that the livestream was properly categorized as an audiovisual rather than dramatic work, nor did it make the finding that, had I categorized it as an audiovisual, the Copyright Office would have denied registration. In fact, the court actively ignored evidence I provided which showed that the Office actually knew about this error and granted registration anyway!

47. This is more than just declaring the livestream to not be copyrightable in this one case. In the related case of Stebbins v. Rebolo, the District Court used this already-erroneous decision to declare ***all*** of my copyrights invalid, even those where I obtained valid registrations, and depriving me of the presumption of copyright validity to which I am entitled under 17 USC §410(c). See **Exhibit C**, p.4 ("The Court finds that Plaintiff's proven lack of candor in his prior application overcomes the presumption of validity afforded by registration of the other livestream videos").

48. This is not happening in a bubble; it is an abuse of discretion that is directly informing other erroneous judgments that is further prejudicing me later down the line. All because of that voluntary dismissal he didn't like.

49. Therefore, this absolutely needs to be stamped out quickly, before the District Court has the chance to use it to inflict any more harm onto me. Summary reversal is justified here.

-13- Motion for Summary Reversal

### The remaining §512(f) claim.

50. Although the District Court found the copyright infringement claims to be without merit for reasons I will discuss in the Appellant Brief should this motion for summary reversal be denied, he also failed to adjudicate the remaining §512(f) claim. This alone renders the entire judgment a violation of my constitutional rights. See Stebbins v. Stebbins, 2017 Ark. App. 428 (2017) ("[I]t is not enough to dismiss some of the parties or to dispose of some of the claims; to be final and appealable, an order must cover *all of the parties and all of the claims*") (emphasis in original).

51. When denying the motion for leave to file motion for reconsideration (which the Court erroneously construed as a motion for reconsideration), the District Court gave summary disposition of the remaining claim, but his findings of fact and conclusions of law were sloppy to say the least. It reeks of a desire to keep the case closed because he already has his mind made up that he personally does not like me, and then retroactively came up with reasons to justify that.

52. First, he makes the conclusory allegation that the allegations are insufficient and not well-plead. He makes no effort to explain exactly why he feels this way, and more importantly, this directly contradicts his own ruling from earlier in the case, when he conducted a §1915 review of the First Amended Complaint and found the complete opposite, that I had indeed sufficiently stated a claim under §512(f). See **Dkt. 21**, pp. 3-4, hereby attached as **Exhibit E**.

53. For example, the Court found that I had failed to "allege facts which identify how or why Mateas knew or should have known that the material was non-infringing." See Exhibit D, p.6. But in Exhibit E, the Court conceded that I had plead that Mateas "does not own the copyright to the picture" and that "members of a certain Discord server, which ... includes [Mateas], intended to make 'false copyright strikes in retaliation' for Plaintiff's takedown notice against Polano." See Exhibit E, p.3. How do either one of those allegations fail to identify this?

54. As such, it's not enough that the Court justify dismissing my case with prejudice based on insufficient pleading. The Court should also be required to justify why it *changed its story* and issued a ruling contrary to what it previously found for no apparent reason.

55. Of course, I know the reason. It's because, in between these two orders, I made a

voluntary dismissal that the judge didn't approve of.

56.     Second, the Court made the outlandish claim that I was seeking $1,800,000 *just* from the misrepresentation claim, instead of the copyright infringement claims. See Exhibit D, p.6. This finding is patently absurd and this Court should admonish the District Court for making it.

57.     Third, the District Court committed an egregious abuse of discretion when it refused to give me the chance to file a new motion for default judgment, correcting any deficiencies that could potentially be corrected by re-filing. Instead, the Court dismissed the case *with prejudice* without any indication that any errors (most of which it created from whole cloth) could not be corrected on a re-filing.

58.     This is an egregious violation of my due process rights and it deserves to be stamped out with extreme prejudice.

### No forfeit of other grounds for vacation

59.     By filing this motion for summary reversal, I am not forfeiting the right to file a full Appellant Brief and litigate all of the other reasons why the District Court's judgment should be vacated and remanded, including but not limited to …

(a)     Whether a work that is created by accident can have enough creativity in it to be copyrightable under Feist Publications, Inc. v. Rural Telephone Service Co., 499 US 340 (1991).

(b)     Whether "creative choices" are required under copyright law, or simply "creativity."

(c)     Whether a figure of speech that was never meant to be taken literally can in fact be used as a literal admission to a lack of human authorship.

60.     All of these issues will be fully argued in the Appellant Brief should one need to be filed. I did not include them here because, as novel issues of law, I concede that they cannot be disposed of on a motion for summary reversal, as they are not bright-line rules. These issues are not forfeited.

61.     Of course, if this Court were to grant this Motion for Summary Reversal, I may not have to submit the full Appellant Brief. The remaining issues would then need to be relitigated in the District Court before they can be appealed again.

## CONCLUSION

62. Wherefore, premises considered, I respectfully pray that the judgment be summarily reversed, and for any other relief to which I may be entitled.

So requested on this, the 11th day of April, 2023.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
