UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS, <br><br> Plaintiff, <br><br> v. <br><br> KARL POLANO, et al., <br><br> Defendants. | Case No. 21-cv-04184-JSW <br><br> **ORDER RE SUFFICIENCY OF AMENDED COMPLAINT AND DEFERRING RULING ON EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

Now before the Court is an ex parte application for a temporary restraining order ("TRO") filed by Plaintiff David Stebbins ("Plaintiff") against a single named defendant, Discord, Inc., requiring Discord, Inc., to prohibit certain of its members from managing channels or messages. In making a determination regarding Plaintiff's application, the Court has reviewed the procedural posture of this case.

The original complaint was filed on June 2, 2021, and the matter was randomly assigned to Magistrate Judge Corley. On June 30, 2021, Judge Corley issued a screening order pursuant to 28 U.S.C. section 1915. (Dkt. No. 10.) In that Order, Judge Corley found that Plaintiff sufficiently stated a claim for copyright infringement but found that Plaintiff's claims for misrepresentation under 17 U.S.C. section 512(f) ("Section 512(f)") and intentional infliction of emotional distress ("IIED") failed to comply with Federal Rule of Civil Procedure 8. She permitted Plaintiff leave to amend to cure the defects identified by no later than July 30, 2021. On July 29, 2021, Plaintiff filed an amended complaint. (Dkt. No. 11.) That same day, he filed an ex parte application for a TRO, and the case was subsequently reassigned to the undersigned. (Dkt. No. 20.) Before the Court may address the TRO, it must first address the sufficiency of the amended complaint's allegations under 28 U.S.C. section 1915.

**BACKGROUND**

Plaintiff posts content to his YouTube and Twitch channels using the alias Acerthorn. (Am. Compl. ¶ 1.) Plaintiff alleges that on April 10, 2021, his livestream software turned on causing him to inadvertently broadcast two hours of his daily activities for his viewers to see. (*Id.* ¶ 22.) Plaintiff alleges that at one point in the video, strange noises can be heard. (*Id.* ¶ 23.) The noises constitute the most interesting and memorable part of the livestream. (*Id.*) Plaintiff alleges that he registered his accidental livestream with the U.S. Copyright Office and uploaded a video of the livestream to his YouTube channel, limiting access to those who pay him twenty dollars per month. (*Id.* ¶ 24.)

Plaintiff alleges that shortly after his inadvertent livestream, a user with the alias InitiativeKookie uploaded a clip from the accidental livestream to YouTube and Vimeo on multiple occasions despite receiving takedown notices from Plaintiff. (*Id.* ¶¶ 26-32.) Plaintiff alleges that on April 25, 2021, he learned that Defendant Polano was also sharing Plaintiff's copyrighted livestreams on Polano's Discord server. (*Id.* ¶ 38.) Plaintiff alleges that Polano's Discord server is moderated by a user with the alias TGP482. (*Id.* ¶ 40.) Plaintiff alleges that Polano and TGP482 refused to remove the infringing content. As a result of these instances of infringement, Plaintiff alleges that he has issued numerous takedown notices.

Plaintiff alleges that on May 20, 2021, Defendant Polano posted a video to his YouTube channel that consisted of a clip of Plaintiff's accidental livestream combined with some additional video clips. (*Id.* ¶ 45.) Plaintiff filed a takedown notice with YouTube, and the video was removed. (*Id.* ¶ 46.) Plaintiff alleges that Polano filed a counter-notification stating that the video was a parody and fair use. (*Id.* ¶ 47.) Plaintiff alleges that TGP482 and Polano uploaded a clip of his accidental livestream to Instagram on June 9, 2021. (*Id.* ¶ 57.) Although Plaintiff filed a takedown notice, Facebook did not remove the material. (*Id.* ¶ 58.) Plaintiff alleges that the video could have only been obtained by illegally downloading it. (*Id.* ¶ 81.)

Plaintiff brings claims for copyright infringement, violations of 17 U.S.C. section 512(f)(2) against Polano; violation of 17 U.S.C. section 512(f)(1) against TGP482; and IIED.

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

**A.  Copyright Infringement Claims.**

To state a claim for copyright infringement, a plaintiff must allege facts plausibly showing (1) that he owns a valid copyright in the work, and (2) "copying" and "unlawful appropriation." *Skidmore for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc).  For "copying," the alleged facts must plausibly show, directly, that the defendant copied or, circumstantially, that the defendant had access to the plaintiff's work and the works are strikingly similar. *Id.*  For "unlawful appropriation," the alleged facts must plausibly show that specific elements of the works are objectively similar and that an ordinary observer would view the overall works as similar. *Id.*  Here, as Judge Corley previously noted, Plaintiff's allegations plausibly allege a claim of copyright infringement.

**B.  Misrepresentation Under 17 U.S.C. Section 512(f).**

**1.  Section 512(f)(1) Claim.**

Plaintiff has added a claim for a violation of Section 512(f)(1) alleging that a user with the alias TGP482 issued a fraudulent takedown notice against a video Plaintiff posted on YouTube because Plaintiff used an image of TGP482's Discord user icon in the video.  (Am. Compl. ¶ 54.).  Under section 512(f), a copyright owner may be liable for damages if it does not make a good-faith assertion in its takedown notice that the subject material infringes on its copyright.  A copyright owner "who knowingly materially misrepresents ... that the material or activity is infringing ... shall be liable for damages incurred by the alleged infringer[.]"  17 U.S.C. § 512(f); *see also Online Policy Group v. Diebold, Inc.,* 337 F.Supp.2d 1195, 1204 (N.D. Cal. 2004) ("A party is liable if it 'knowingly' and 'materially' misrepresents that copyright infringement has occurred.").

Here, Plaintiff alleges that the TGP482 knowingly misrepresented that infringement occurred because he does not own the copyright to the picture. Plaintiff also alleges that he received notice that members of a certain Discord server, which he alleges includes TGP482, intended to make "false copyright strikes in retaliation" for Plaintiff's takedown notice against Polano. (*See* Am. Compl. ¶ 46.)  Plaintiff also alleges that TGP482 failed to consider fair use

3

prior to issuing the takedown notice. Finally, Plaintiff alleges that he suffered injury in the form of lost views and lost ad revenue. While sparse, the Court finds these allegations sufficient at the pleading stage. *Lenz*, 572 F. Supp. 2d at 1156-57. Although the Court is skeptical that Plaintiff will be able to prove that TGP482 acted with subjective bad faith, at this stage, it finds the allegations sufficient to survive Section 1915 review.

        2.       **Section 512(f)(2) Claim.**

To state a claim for misrepresentation under Section 512(f)(2), a plaintiff must allege facts plausibly showing (1) that the defendant knowingly and materially misrepresented that its material was removed or disabled by mistake or misidentification; (2) the internet service provider relied on the misrepresentation in replacing the removed material or ceasing to disable access to it; and (3) the plaintiff was injured as a result. *See Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011, 1026 (N.D. Cal. 2015). The first element is not met if the defendant had a subjective good faith belief that it was not making a misrepresentation—in this situation, if the defendant had a subjective good faith belief that its material was fair use and therefore removing it was a misidentification. *Lenz v. Universal Music Corp.*, 572 F. Supp. 2d 1150, 1153-54 (N.D. Cal. 2008). Judge Corley found that Plaintiff failed to adequately plead the first element because the facts as alleged do not plausibly suggest that any misrepresentation in Defendant Polano's counter-notice was knowing.

Plaintiff has failed to cure this defect in the amended complaint. Plaintiff still does not plausibly allege that Polano knowingly misrepresented in the counter-notice that his video was fair use and intended for parody. Indeed, Plaintiff alleges that Polano's video used only a portion of his original livestream and added certain new elements to the video. Plaintiff also alleges that Polano sent him a message in which he implies that his use of Plaintiff's video was fair use. (*See* Am. Compl. ¶ 38(e)). Plaintiff asserts that Polano's video is not a parody and has not been sufficiently transformed; however, the relevant question for Plaintiff's claim of misrepresentation is whether Plaintiff has adequately alleged that Polano lacked a good faith subjective belief that his use of Plaintiff's video was fair use. He has failed to do so, and in fact, his allegations give rise to the opposite inference. Accordingly, the allegations of the amended complaint give rise to the inference that Polano had a subjective good faith belief that his use of the video was fair use.

4

Based on Plaintiff's allegations, it is implausible to infer that Polano knowingly misrepresented that his use of the video was fair use. Plaintiff's allegations are insufficient to state a claim for relief under Section 512(f)(2). Moreover, the Court finds further leave to amend here would be futile given the allegations in the complaint establishing Polano's subjective good faith belief. Accordingly, this claim is dismissed WITH PREJUDICE.

**C.    Intentional Infliction of Emotional Distress.**

To state claim for IIED a plaintiff must show: (1) extreme and outrageous conduct by the defendant with the intention to cause, or reckless disregard of the probability of causing, emotional distress; (2) suffering of severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Courts have emphasized that extreme and outrageous conduct is conduct that "go[es] beyond all possible [bounds] of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1608 (2009) (quotation omitted). "With respect to the requirement that the plaintiff show severe emotional distress [for an IIED claim]," the California Supreme Court "has set a high bar." *Hughes*, 46 Cal. 4th at 1051. "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Id*. (citation and internal quotation marks omitted).

Plaintiff's allegations are insufficient to state a claim for IIED. As in the original complaint, the amended complaint again fails to allege facts that show the conduct was extreme and outrageous. Although Plaintiff alleges that he has been on the receiving end of insults and sabotage attempts on certain of his internet accounts, liability for intentional infliction of emotional distress "does not extend to mere insults indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* Plaintiff also fails to adequately allege that he suffered severe or extreme emotional distress. Plaintiff alleges that he has become reluctant to take certain actions on his Discord server and Reddit account and has been reluctant to collaborate with other streamers, which he alleges are symptoms of paranoia and anxiety. (Am. Compl. ¶¶ 74-75.) These allegations are insufficient to meet the "high bar" required to show severe emotional

distress. *Hughes*, 46 Cal. 4th at 1051. Accordingly, Plaintiff's claim for IIED is DISMISSED. The Court finds that further leave to amend would be futile here. Plaintiff's amendments in the amended complaint provide variations on the allegations in the original complaint but are still far from establishing a plausible claim for IIED. Accordingly, the Court dismisses this claim WITH PREJUDICE.

## CONCLUSION

Having reviewed the allegations of the amended complaint pursuant to Section 1915, the Court finds that Plaintiff's 17 U.S.C. section 512(f)(2) and IIED claims fail to comply with Rule 8, and the Court dismisses those claims with prejudice. *See* 28 U.S.C. § 1915(e)(2). However, Plaintiff has adequately alleged copyright infringement and a claim for misrepresentation under Section 512(f)(1) and may proceed on those claims.

Accordingly, it is ORDERED that the Clerk issue summons, and it is FURTHER ORDERED that the U.S. Marshal for the Northern District of California serve upon the named defendants, without prepayment of fees, a copy of both the original and amended complaints, attachments, this Order, and Plaintiff's motion for a TRO.

The Court DEFERS taking action on Plaintiff's application for a TRO until it receives acknowledgement of service from the U.S. Marshal as to Defendant Discord, Inc., at which point it will set an expedited briefing schedule on Plaintiff's application.

**IT IS SO ORDERED.**

Dated: August 3, 2021

JEFFREY S. WHITE
United States District Judge