No. 23-15531

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

**DAVID A. STEBBINS,**

*Plaintiff-Appellant,*

v.

**KARL POLANO, ET AL.,**

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of California
Case No. 4:21-cv-04184-JSW
Hon. Jeffrey S. White

---

## INTERVENORS-APPELLEES ALPHABET INC. AND YOUTUBE, LLC'S OPPOSITION TO APPELLANT'S MOTION FOR SUMMARY REVERSAL

RYAN S. BENYAMIN
WILSON SONSINI GOODRICH &
ROSATI, P.C.
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone: (424) 446-6913
rbenyamin@wsgr.com

JEREMY P. AUSTER
JASON MOLLICK
WILSON SONSINI GOODRICH &
ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
jauster@wsgr.com
jmollick@wsgr.com

*Attorneys for Intervenors-Appellees*
*Alphabet Inc. and YouTube, LLC*

## CORPORATE DISCLOSURE STATEMENT

Under Federal Rule of Appellate Procedure 26.1, the undersigned counsel for Intervenors-Appellees Alphabet Inc. ("Alphabet") and YouTube, LLC ("YouTube") states as follows:

- Alphabet is a publicly traded company. It has no parent corporation, and no publicly traded company holds more than 10% of Alphabet's stock;

- YouTube is a subsidiary of Google LLC, which is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet.

Date: April 21, 2023          WILSON SONSINI GOODRICH & ROSATI
                              Professional Corporation


                              /s/ *Jeremy P. Auster*
                              Jeremy P. Auster

                              *Attorneys for Intervenors-Appellees Alphabet Inc.*
                              *and YouTube, LLC*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................1

BACKGROUND ...................................................................................3

I.   APPELLANT'S HISTORY OF FILING FRIVOLOUS
     LAWSUITS AND WASTING JUDICIAL RESOURCES............................3

II.  DISMISSAL OF THE UNDERLYING ACTION .........................................5

ARGUMENT ........................................................................................8

CONCLUSION ....................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Commercial Space Management Co. v. Boeing Co.*,
193 F.3d 1074 (9th Cir. 1999) .........................................................11

*Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*,
345 F.3d 1140 (9th Cir. 2003) ...............................................12, 13

*Stebbins v. Bradford*,
2013 WL 3366289 (W.D. Ark. July 5, 2013),
*aff'd*, 552 F. App'x 606 (8th Cir. 2014) .........................................4

*Stebbins v. Google, Inc.*,
2011 WL 5150879 (N.D. Cal. Oct. 27, 2011) .................................4

*Stebbins v. Microsoft, Inc.*,
2012 WL 12896360 (W.D. Wash. Jan. 13, 2012),
*aff'd*, 520 F. App'x 589 (9th Cir. 2013) .....................................1, 4

*Stebbins v. Polano*,
2022 WL 2668371 (N.D. Cal. July 11, 2022) ......................................*passim*

*Stebbins v. Rebolo*,
2022 WL 2668372 (N.D. Cal. July 11, 2022),
*vacated on reconsideration*,
2023 WL 2699982 (Mar. 28, 2023)............................................6, 7, 8, 10, 11

*Stebbins v. Stebbins*,
2013 WL 6182991 (W.D. Ark. Nov. 26, 2013),
*aff'd*, 575 F. App'x 705 (8th Cir. 2014) .....................................3, 4

*Stebbins v. Texas*,
2011 WL 6130403 (N.D. Tex. Oct. 24, 2011),
*report and recommendation adopted*,
2011 WL 6130411 (Dec. 9, 2011)..................................................4

## STATUTES

17 U.S.C. § 410(c) ..............................................................................................12

17 U.S.C. § 512(f) ...............................................................................................9

18 U.S.C. § 1915(e)(2)(B) ..................................................................................7

N.D. Cal. Civil L.R. 7-9(c) .........................................................................13, 14

## RULES

C.R. 3-6 ............................................................................................................2, 3

C.R. 31-2.1 .........................................................................................................3

Fed. R. Civ. P. 24(b)(1)(B) ................................................................................6

Fed. R. Civ. P. 41(a)......................................................................................6, 10

**INTRODUCTION**

Appellant David A. Stebbins—a *pro se* individual who posts videos on YouTube under the alias "Acerthorn"—is a federally-recognized vexatious litigant with a decade-long history of filing frivolous lawsuits and appeals across the country. As one federal court aptly noted, "time spent dealing with Mr. Stebbins' filings prevents the Court from addressing the genuine, vexing problems that people trust the Court to resolve quickly and fairly." *Stebbins v. Microsoft, Inc.*, 2012 WL 12896360, at *1 (W.D. Wash. Jan. 13, 2012), *aff'd*, 520 F. App'x 589 (9th Cir. 2013).

In recent years, Appellant has set his sights on the Northern District of California, burdening its courts with frivolous "copyright infringement" lawsuits against anyone who, for purposes of criticizing Appellant, posts or displays online even the faintest echoes of what he says is his content. The underlying action is one such lawsuit. In dismissing the case with prejudice, Senior District Judge Jeffrey S. White held that Appellant could not state a claim for copyright infringement because the allegedly-infringed video at issue was not copyrightable. *Stebbins v. Polano*, 2022 WL 2668371, at *3 (N.D. Cal. July 11, 2022) ("*Polano*"). Judge White summarized the action as follows:

> Plaintiff clearly feels aggrieved by comments made about him online by the Individual Defendants and others, but that does not mean Plaintiff has a viable copyright claim. He does not, and his pursuit of his claim

1

has caused the Court to expend significant resources addressing his meritless claims. Plaintiff is warned that if he persists in filing frivolous or meritless lawsuits, the Court may impose sanctions, bar [] him from filing further actions without prior approval, and/or deem him a vexatious litigant.

*Id.* at *5.

After Judge White denied Appellant's motions for reconsideration and recusal and for relief from judgment (D. Ct. Dkts.[1] 159, 160), Appellant filed this appeal. D. Ct. Dkts. 186, 188. Before the Court is Appellant's Motion for Summary Reversal (the "Motion" or "Mot."), which asks this Court, *inter alia*, to vacate all orders, including the dismissal order, that were entered after Judge White allegedly developed "a grudge" against Appellant, to force Judge White to recuse himself from the remand proceedings, and to "admonish" him for other supposed errors. Mot. ¶¶ 6, 12-14.

The Motion, like the underlying case, is specious. Pursuant to Circuit Rule 3-6, if the Court determines that "clear error" requires "reversal or vacation of the judgment or order appealed from," or that "it is manifest that the questions on which the decision in the appeal or petition for review depends are so insubstantial as not to justify further proceedings," then "the Court may . . . issue an appropriate

---

[1] All references to "D. Ct. Dkt." that are not preceded by a case name refer to the underlying action *Stebbins v. Polano*, No. 4:21-cv-04184-JSW (N.D. Cal. filed June 2, 2021).

dispositive order" at "any time prior to the completion of briefing." C.R. 3-6(a)(1)-(2). Though Appellant acknowledges that summary reversal is "exceptionally rare" (Mot. ¶ 16), he does not even mention Rule 3-6, or cite any legal authority to establish that its conditions are met. They are clearly not.

If the Motion accomplishes anything, it is to reveal that there is ample basis for this Court to issue a summary ***affirmance***, since each issue Appellant raises is "so insubstantial as not to justify further proceedings[.]" C.R. 3-6(a)(2) ("[T]he Court may, upon motion of a party, or after affording the parties an opportunity to show cause, issue an appropriate dispositive order."). Short of that, this meritless appeal should be disposed of pursuant to this Court's ordinary briefing procedures. *See* C.R. 31-2.1.[2]

## BACKGROUND

### I. APPELLANT'S HISTORY OF FILING FRIVOLOUS LAWSUITS AND WASTING JUDICIAL RESOURCES

Appellant's home district, the Western District of Arkansas, has declared him a "vexatious" litigant who has "abused the system" with "a history of filing ultimately meritless cases upon which the Court has been forced to expend countless hours of time and judicial resources." *Stebbins v. Stebbins*, 2013 WL 6182991, at *1 (W.D. Ark. Nov. 26, 2013) (imposing multi-faceted pre-filing screening order),

---

[2] The Court set June 2, 2023 as the deadline for Appellant to file his opening brief.

*aff'd*, 575 F. App'x 705 (8th Cir. 2014). In 2014, the Eighth Circuit noted that Appellant had "proceeded in forma pauperis on at least sixteen complaints that proved meritless[.]" 575 F. App'x at 705. Federal courts across the country have agreed, dismissing Appellant's lawsuits as patently frivolous. *See, e.g.*, *Stebbins v. Google, Inc.*, 2011 WL 5150879, at *4-5 (N.D. Cal. Oct. 27, 2011) (*sua sponte* dismissal of "clearly baseless" and "frivolous" case based on "an indisputably meritless legal theory"); *Stebbins v. Texas*, 2011 WL 6130403, at *3 (N.D. Tex. Oct. 24, 2011) (dismissing "frivolous claims" based on "fantastic or delusional scenarios that are clearly irrational and incredible"), *report and recommendation adopted*, 2011 WL 6130411 (Dec. 9, 2011); *Stebbins v. Bradford*, 2013 WL 3366289, at *2 (W.D. Ark. July 5, 2013) (dismissing "patently frivolous" claims based "entirely on [Appellant's] suspicions and theories"), *aff'd*, 552 F. App'x 606 (8th Cir. 2014); *Stebbins v. Microsoft, Inc.*, 2012 WL 12896360, at *1 (dismissing "frivolous lawsuit" that was "wildly untethered from any valid interpretation of contract and arbitration law").

Appellant has also filed at least three nonsensical mandamus petitions in the Ninth Circuit, all of which were summarily denied in one-page orders. *See Stebbins v. USDC-CASJ*, No. 11-72595, Dkt. 3 (9th Cir. Nov. 15, 2011) (denying petition to order district court to grant his motion for default judgment against Google to confirm a non-existent "arbitration award," even though Google was never served

and no arbitration ever occurred), *Stebbins v. USDC-CAOAK*, No. 22-70132, Dkt. 3 (9th Cir. July 12, 2022) (denying petition to order district court not to consider Alphabet's arguments as to why his case should be dismissed), and *Stebbins v. USDC-CAOAK*, No. 22-70269, Dkt. 3 (9th Cir. Jan. 26, 2023) (denying petition complaining that district court was taking too long to rule on a motion).

## II.    DISMISSAL OF THE UNDERLYING ACTION

In June 2021, Appellant filed the underlying action, asserting copyright infringement claims against three "Individual Defendants" who allegedly infringed his copyright in an "Accidental Livestream" video by posting copies of it to YouTube, Twitch, and Discord. *Polano*, 2022 WL 2668371, at *1 & n.1. Appellant also sued Alphabet (YouTube's parent company), Amazon (Twitch's parent company), and Discord to obtain an injunction requiring those "Corporate Defendants" to permanently ban the Individual Defendants from their services. *Id.* at *1.

According to Appellant's allegations, the Accidental Livestream was created when his "'livestream software turned on of its own accord' unbeknownst to him." *Id.* (citation omitted). As Appellant alleged, the "'only interesting and memorable' thing that occurred during the nearly two-hour 'boring and contentless livestream' were 'strange noises' that [Appellant] 'did not cause.'" *Id.* (citation omitted). Appellant registered the Accidental Livestream with the United States Copyright

Office, but his application did not disclose any of the aforementioned facts concerning the nature of the video and its creation. *Id.* at *1, *4. While *Polano* was pending, Appellant filed the related *Rebolo* case, asserting additional claims of infringement of the same Accidental Livestream against Alphabet and YouTube (and others). *Id.* at *1; *see also* Mot. ¶ 47; *Stebbins v. Rebolo*, 2022 WL 2668372 (N.D. Cal. July 11, 2022) ("*Rebolo*"), *vacated on reconsideration*, 2023 WL 2699982 (Mar. 28, 2023).

On April 7, 2022, Appellant filed a motion for default judgment against the Individual Defendants in *Polano*, who had not appeared. *Polano*, 2022 WL 2668371, at *1-2. Upon learning through discussions with counsel that the Corporate Defendants, including Alphabet and YouTube, intended to file a motion to dismiss challenging the copyrightability of the Accidental Livestream, Appellant also filed a Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a), removing the Corporate Defendants from *Polano*—but not *Rebolo*, where the same Accidental Livestream was at issue. *Id.* He "made no secret that he dismissed the Corporate Defendants to prevent them from challenging the validity of the livestream's copyright and that he intend[ed] to re-litigate the same issue in the Related [*Rebolo*] Case." *Id.* at *3.

After being dismissed as defendants from *Polano*, Alphabet and YouTube filed a motion for permissive intervention under Federal Rule of Civil Procedure

24(b)(1)(B), in order to "oppose [Appellant's] motion for default judgment on the basis that [Alphabet and YouTube] remain[ed] defendants in the related [*Rebolo*] action, which also addresses the copyrightability of the livestream." *Id.* at *2. The District Court granted that motion, finding that permitting intervention would promote judicial economy since the copyrightability of Appellant's video was at issue in both cases. *Id.* at *3. The court also admonished Appellant for his "abuse of the litigation process and his attempt to evade a ruling on an essential question at the core of both cases[.]" *Id.*

In that same order, the District Court denied Appellant's motion for default judgment and dismissed the case, finding that Appellant could not state a claim for copyright infringement because his own allegations established that the Accidental Livestream (1) was not created by a human author, but rather "streaming software turn[ing] on of its own accord," and (2) lacked even a minimal degree of creativity—two threshold requirements for copyrightability. *Id.* at *3-5. The court dismissed with prejudice, noting that Appellant's "allegations and admissions regarding the circumstances surrounding the creation of the livestream are fatal to his copyright claim" and that any amendment would be futile. *Id.* at *5.

Judge White also dismissed the related *Rebolo* action in a screening order under 18 U.S.C. § 1915(e)(2)(B) because the Accidental Livestream is not copyrightable. As to additional works at issue in that case, "much of the alleged

infringement is plainly fair use criticism" and Appellant's "attempt to manufacture and pursue ultimately meritless copyright infringement claims in an effort to silence online criticism smacks of bad faith and abuse of the Court system." *Rebolo*, 2022 WL 2668372, at *3.[3]

After the District Court dismissed the *Polano* case, Appellant filed a motion for leave to file a motion for reconsideration and recusal, and a separate motion for relief from judgment. D. Ct. Dkts. 159, 162. The District Court denied those motions (D. Ct. Dkt. 186), and Appellant filed this appeal. D. Ct. Dkt. 188. And then this Motion.

## **ARGUMENT**

Appellant argues that the District Court's judgment should be summarily reversed and the case remanded for four primary reasons: (1) Judge White only granted Alphabet and YouTube's motion to intervene and dismissed the case because he developed a "grudge" against Appellant after Appellant voluntarily

---

[3] Judge White subsequently vacated that judgment and permitted Appellant a "final opportunity" to attempt to amend certain claims unrelated to the Accidental Livestream "in light of the Ninth Circuit's admonition that pro se litigants should be granted leave to amend[.]" *Rebolo*, D. Ct. Dkt. 30 at 3. In so doing, Judge White stated that Appellant "has not provided any additional information suggesting that he can cure the defects in his pleading through amendment, and the Court has doubts about his ability to do so." *Id.* Claims concerning the Accidental Livestream remain dismissed with prejudice. *Id.* at 2-3. Appellant has requested that his deadline to file an amended complaint in *Rebolo* be stayed pending resolution of this appeal. *Rebolo*, D. Ct. Dkt. 31.

dismissed the Corporate Defendants (Mot. ¶¶ 6, 12, 18-21); (2) Appellant had an "absolute right" to dismiss the Corporate Defendants, which the District Court violated by granting intervention and considering Alphabet and YouTube's challenge to the copyrightability of the Accidental Livestream (*id.* ¶¶ 30-41); (3) the District Court committed an "egregious" error when it allegedly "declared [Appellant's] copyright registration invalid" (*id.* ¶¶ 42-49); and (4) the District Court abused its discretion when it "proceeded to treat [Appellant's] Motion for leave to file a motion for reconsideration as the motion for reconsideration itself." *Id.* ¶¶ 24-29.[4]  These arguments are all meritless.

*First*, there is zero evidence that Judge White has a "grudge" against Appellant, let alone that such a grudge is why he granted intervention and dismissed the case.  Appellant claims that Judge White "openly admitted" that he granted intervention "in large part because he held a grudge against me for issuing the voluntary dismissal." Mot. ¶ 6.  That is nonsense.  All Judge White stated in the

---

[4] Appellant also claims that the District Court's "entire judgment [in *Polano* is] a violation of my constitutional rights" because the court's disposition of his claim under 17 U.S.C. § 512(f) was "sloppy to say the least." Mot. ¶¶ 50-51.  We note that Appellant's § 512(f) claim—asserted only against one Individual Defendant who allegedly issued a "fraudulent DMCA Takedown [notice]" related to a different video Appellant uploaded to YouTube (D. Ct. Dkt. 55 ¶ 54)—was addressed at length by the District Court in its order denying reconsideration. *See* D. Ct. Dkt. 186 at 4-7.  The court concluded that Appellant was not entitled to default judgment against that Individual Defendant and that reconsideration was not warranted. *Id.* That too, according to Appellant's baseless accusations, was the result of the District Court's supposed grudge. *See* Mot. ¶ 55.

passage Appellant cites is that Appellant's "abuse of the litigation process and his attempt to evade a ruling" on the copyrightability of the Accidental Livestream—an "essential question at the core" of *Polano* and *Rebolo*—"favor[ed] intervention." *Polano*, 2022 WL 2668371, at *3. That is no admission of a grudge. Judge White rightly recognized that Appellant's voluntary dismissal was an attempt to silence any arguments disputing the copyrightability of his Livestream in *Polano*, obtain a favorable judgment without opposition, and then leverage that judgment against Alphabet and YouTube in *Rebolo*. The court also recognized that "[c]onsidering the same issue twice in different cases not only wastes judicial resources, but it could lead to inconsistent results." *Id.*

Appellant also claims that Judge White "admitted to holding a grudge against" him in the order denying Appellant's recusal request. Mot. ¶ 18. Again, that is false. Judge White denied the recusal request as moot since the case was not being re-opened. D. Ct. Dkt. 186 at 8. He added that an "adverse judicial ruling is not an adequate basis for recusal," and that Appellant failed to establish any other basis for recusal. *Id.* (citing authority).

**Second**, Appellant's claim that the District Court violated his "absolute" voluntary dismissal right when it allowed Alphabet and YouTube to intervene is meritless. As the District Court explained, Appellant proffers "no authority for the proposition that Rule 41(a) dismissal prevents permissive intervention [under] Rule

24(b) under these circumstances"—*i.e.*, where, even after voluntary dismissal of some defendants in *Polano*, the case was still live and required a ruling on the copyrightability of the Accidental Livestream, which was also at issue in a related case where the intervenors remained defendants. *Polano*, 2022 WL 2668371, at *3.

Appellant cites *Commercial Space Management Co. v. Boeing Co.*, 193 F.3d 1074, 1077-80 (9th Cir. 1999) to support his claim that the "right to a voluntary dismissal is absolute and impenetrable." Mot. ¶ 32. But his excerpt of that case conveniently leaves out the pertinent language. There, the Ninth Circuit explained that it "is well settled that under Rule 41(a)(1)(i), a plaintiff has an absolute right to voluntarily dismiss his action" where the notice of dismissal "itself closes the file," "automatically terminates the action," and leaves "the parties as though no action had been brought." *Id.* (citations omitted). The court's explanation of the "absolute right" was expressly cabined to cases where a plaintiff voluntarily dismisses and thus terminates the ***entire*** action. That is what happened in the *Dukes* and *Fort Sill* cases Appellant cites. *See* Mot. ¶ 36. But that is not what happened here. As explained, the *Polano* action and the copyrightability issue remained live even after Appellant's voluntary dismissal of the Corporate Defendants. He was still seeking a default judgment against the Individual Defendants, which in turn required a ruling on the copyrightability of the Accidental Livestream. And Appellant was still pressing that identical issue against Alphabet and YouTube in the related *Rebolo* case. Under

11

those circumstances, the District Court rightly permitted Alphabet and YouTube to be heard on a dispositive issue that remained live in both cases.

*Third*, Appellant's claim that the District Court committed an "egregious" error when it "declared [his] copyright registration invalid" is baseless. Mot. ¶ 42. The District Court did ***not*** "invalidate" Appellant's registration, as he claims. The court simply overcame the presumption of validity that ordinarily applies to registered works in copyright litigation, and then found the Livestream to be uncopyrightable based on the record before it in the litigation. Overcoming a presumption in litigation, and invalidating a copyright registration based on fraud before the U.S. Copyright Office, are two entirely different procedures.

Pursuant to 17 U.S.C. § 410(c), a certificate of registration may in certain circumstances "constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." But, as the District Court explained, that statutory presumption "may be overcome" in a litigation "by the offer [of] some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *Polano*, 2022 WL 2668371, at *4 (quoting *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1145 (9th Cir. 2003)). In *Lamps Plus*, for example, the Ninth Circuit found that facts before the court were sufficient to overcome the presumption of validity in a registered work, even if the registrant did not intend to defraud the Copyright Office. 345 F.3d at 1144-45 (finding that "[t]he record,

12

viewed in the light most favorable to Lamps Plus, does not demonstrate that it intended to defraud the Copyright Office"); *id.* at 1147 (finding nonetheless that plaintiff's work was not copyrightable because it lacked "the quantum of originality needed to merit copyright protection," based on facts not known to the examiners at the time of registration) (citation omitted).

Here, the District Court found that the presumption of validity was overcome by Appellant's own allegations in the *Polano* complaint, which established that the Accidental Livestream lacked creativity and did not have a human author, along with evidence presented by Alphabet and YouTube showing that Appellant withheld pertinent facts about the video's creation in his copyright application. *Id.* That finding did not require the District Court to "invalidate" the registration based on a showing of fraud. Nor did it.

**Fourth**, Appellant misses the mark in arguing that the District Court "abused its discretion" by treating his "Motion for leave to file a motion for reconsideration as the motion for reconsideration itself." Mot. ¶ 24. All the court did was effectively deny Appellant's motion for leave, which was entirely proper given that the motion violated the Local Rule's "Prohibition Against Repetition of Argument." N.D. Cal. Civil L.R. 7-9(c). The District Court expressly noted that it had "already considered and rejected" Appellant's arguments "in its order dismissing the action," and that

the arguments were thus "improper under the Local Rule's prohibition against repeating previous arguments."  D. Ct. Dkt. 186 at 3 (citing Civil L.R. 7-9(c)).

## **CONCLUSION**

For the foregoing reasons, Appellant's Motion should be denied.


Dated: April 21, 2023

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI, P.C.

By:  /s/ *Jeremy P. Auster*
Jeremy P. Auster
Jason Mollick
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jauster@wsgr.com
jmollick@wsgr.com

Ryan S. Benyamin
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone: (424) 446-6913
Facsimile: (866) 974-7329
rbenyamin@wsgr.com

*Attorneys for Intervenors-Appellees*
*Alphabet Inc. and YouTube, LLC*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32 and Circuit Rule 28.1-1, the undersigned

counsel for Intervenors-Appellees Alphabet Inc. and YouTube, LLC certifies that

this brief complies with the appellate type-volume limitations and type-face

requirements. The brief contains 3,177 words, excluding portions exempted by

Fed. R. App. P. 32(f), and has been prepared in a proportionally spaced typeface

using Microsoft Word in 14-point, Times New Roman font.

Dated: April 21, 2023        By: */s/ Jeremy P. Auster*
                                     Jeremy P. Auster

15

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished through the appellate CM/ECF system.

Dated: April 21, 2023        By:   */s/ Jeremy P. Auster*
                                         Jeremy P. Auster