UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>Plaintiff,<br><br>v.<br><br>EMILY REBOLO, et al.,<br><br>Defendants. | Case No. 22-cv-00546-JSW<br><br>**ORDER GRANTING, IN PART, MOTION FOR RECONSIDERATION, VACATING JUDGMENT, AND REQUIRING AMENDED COMPLAINT**<br><br>Re: Dkt. No. 21, 23 |

Now before the Court for consideration are the motion for reconsideration and recusal and motion for relief from judgment filed by Plaintiff David Stebbins ("Plaintiff"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Plaintiff's motion, IN PART.

**ANALYSIS**

Plaintiff has filed a motion for reconsideration of the Court's order dismissing this case and a motion for relief from judgment under Rule 60(b)(6). Plaintiff argues reconsideration is warranted and judgment should be set aside because: (1) the Court's dismissal of his claims based on the April 10, 2021 livestream was in error for the reasons asserted in his motion for reconsideration in the Related Case; (2) the Court did not address all the claims in the complaint and the reasons for dismissal of those claims; (3) the Court improperly concluded that the 2D images were not minimally creative; (4) the Court failed to explain why leave to amend would be futile; and (5) Plaintiff did not admit the videos were fair use.

Federal Rule of Civil Procedure 60(b)(6) provides that a court may provide relief from judgment for "any other reason that justifies relief." Rule 60(b)(6) is to be used "sparingly as an

equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "To receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered [her] unable to prosecute" her case. *Id.* (citation and internal quotation marks omitted). A party seeking relief under this Rule "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the prosecution or defense of the action in a proper fashion." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

Under Local Rule 7-9(b), reconsideration may be sought only if one of the following circumstances exists: (1) a material difference in fact or law from that presented to the Court prior to issuance of the order that is the subject of the motion for reconsideration; (2) new material facts or a change of law occurring after issuance of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before issuance of such order. N.D. Civ. L.R. 7-9(b)(1)-(3). In addition, a party seeking leave to file a motion for reconsideration may not reargue any written or oral argument previously asserted to the Court. Civ. L.R. 7-9(c); *see also United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007) ("A motion for reconsideration is not to be used as a means to reargue a case or to ask a court to rethink a decision it has made.").

Plaintiff's motion suggests he seeks reconsideration pursuant to Local Rule 7-9(b)(3) based on manifest failure to consider material facts or dispositive legal arguments presented to the Court. Plaintiff seeks reconsideration of five aspects of the Court's order dismissing this action: (1) the Court's dismissal of his claims based on the April 10, 2021 livestream was in error for the reasons asserted in his motion for reconsideration in the Related Case; (2) the Court did not address all the claims in the complaint and the reasons for dismissal of those claims; (3) the Court improperly concluded that the 2D images were not minimally creative; (4) the Court failed to explain why amendment would be futile; and (5) Plaintiff did not admit the videos were fair use.

For the reasons set forth in the Court's denying reconsideration in the Related Case, the Court finds Plaintiff has not shown reconsideration is warranted with respect to the dismissal of

2

his claims based on the April 10, 2021 livestream, and the Court DENIES the motion for reconsideration of the dismissal of these claims.

With respect to reconsideration of the dismissal of his remaining claims, Plaintiff's motion fails to establish a manifest failure by the Court to consider material facts or dispositive legal arguments. For example, Plaintiff asserts that reconsideration is warranted because the Court failed provide its rationale for dismissal of an April 18, 2021, livestream (FAC ¶ 26-27); a YouTube shorts video (*id.* ¶ 28), a Vegas retrospective video (*id.* ¶ 29-30), and a December 18, 2021 livestream (*id.* ¶¶ 31-32.) However, the Court addressed these claims in its Order dismissing the case. (Dkt. No. 20, Order of Dismissal ("Order") 3:15-4:10.) Similarly, Plaintiff disagrees with the Court's conclusion that his allegations regarding infringement of certain 2D images fail to state a claim. (*See id.* at 3:1-14.) Plaintiff also contends reconsideration is warranted because the Court failed to explain why amendment would be futile, but the Court addressed this issue in its Order. (*Id.* at 4:11-23.) Thus, although Plaintiff disagrees with the Court's conclusion as to these claims, he has not shown the Court failed to consider material facts or dispositive legal arguments. Thus, Plaintiff has failed to show reconsideration is warranted on this basis.

Plaintiff has not provided any additional information suggesting that he can cure the defects in his pleading through amendment, and the Court has doubts about his ability to do so. However, in light of the Ninth Circuit's admonition that *pro se* litigants should be granted leave to amend, the Court will vacate the judgment and permit Plaintiff a final opportunity to amend his complaint to cure the defects in his pleading that were identified in the Court's Order of Dismissal.

Because the Court has determined reconsideration of its dismissal of the claims related to the April 10, 2021 livestream is not warranted, Plaintiff may not re-allege claims related to that livestream and shall not repeat allegations related to those claims. Plaintiff is permitted leave to amend only his infringement claims based on the 2D images and his claims based on the alleged copying of livestream videos other than the April 10, 2021 video. Plaintiff may not add any new claims or new defendants. Plaintiff must set forth a *short and plain statement* of his claims showing his entitlement to relief as required by Federal Rule of Civil Procedure 8(a). Plaintiff must allege specific facts establishing that the alleged content is eligible for copyright protection,

3

including that it meets the threshold for creativity and originality, and must plead concrete and non-speculative facts about what the defendant infringed and how.

Plaintiff also requests the Court recuse itself if it decides to re-open the case on the basis that the Court holds a personal grudge against Plaintiff based on his behavior. 28 U.S.C. section 455(a) "require[s] recusal only if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988). Judges are presumed to be impartial and, accordingly, parties seeking recusal bear "the substantial burden of proving otherwise." *United States v. Dehghani,* 550 F.3d 716, 721 (8th Cir. 2008) (internal quotation marks and citation omitted). Here, Plaintiff seeks recusal based on this Court's rulings, but an adverse judicial ruling is not an adequate basis for recusal. *Litkey v. United States*, 510 U.S. 540, 549 (1994); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999). Plaintiff's request for recusal is DENIED.

For the foregoing reasons, the Court GRANTS Plaintiff's motion, IN PART, and VACATES the judgment. Plaintiff shall file any amended complaint within thirty (30) days. The Clerk shall re-open this file.

**IT IS SO ORDERED.**

Dated: March 28, 2023

JEFFREY S. WHITE
United States District Judge

4