**23-15531**

IN THE

# United States Court of Appeals

## FOR THE NINTH CIRCUIT

◆▶◆

DAVID ANTHONY STEBBINS, DBA Acerthorn,

*Plaintiff-Appellant,*

—v.—

KARL POLANO, DBA Sofiannp; FREDERICK ALLISON,
DBA InitiativeKookie; RAUL MATEAS, DBA TGP482;
ALPHABET, INC.; DISCORD, INC.; AMAZON.COM, INC.; YOUTUBE, LLC,

*Defendants-Appellees,*

—and—

FACEBOOK, INC.,

*Defendant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**SUPPLEMENTAL EXCERPTS OF RECORD
VOLUME I OF III
(Pages SER1 to SER10)**

JEREMY P. AUSTER
WILSON SONSINI GOODRICH
  & ROSATI
1301 Avenue of the Americas,
  40th Floor
New York, New York 10019
(212) 999-5800

*Attorneys for Defendants-Appellees
Alphabet, Inc. and YouTube, LLC*

**SER2**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID A. STEBBINS,

          Plaintiff,

      v.

KARL POLANO, et al.,

          Defendants.

Case No.  21-cv-04184-JSW

**JUDGMENT**

     Pursuant to the Court's Order issued this date dismissing this matter, the Court HEREBY ENTERS JUDGMENT.

     **IT IS SO ORDERED.**

Dated: July 11, 2022

_____

JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

**SER3**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>Plaintiff,<br><br>v.<br><br>KARL POLANO, et al.,<br><br>Defendants. | Case No.  21-cv-04184-JSW<br><br>**ORDER GRANTING MOTION TO INTERVENE, DENYING MOTION FOR DEFAULT JUDGMENT, AND DISMISSING ACTION**<br><br>Re: Dkt. No. 127, 138 |

Now before the Court for consideration is the motion to intervene filed by Alphabet, Inc. and YouTube, LLC.  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b).  For the following reasons, the Court GRANTS the motion to intervene, DENIES the motion for default judgment, and DISMISSES the complaint WITH PREJUDICE.

**BACKGROUND**

Plaintiff David Stebbins ("Plaintiff") asserts copyright infringement claims against defendants Raul Mateas, Karl Polano, and Frederick Allison (collectively, "Individual Defendants").  All three Individual Defendants have defaulted.  Plaintiff also initially sued Alphabet, Amazon, and Discord seeking an injunction that would require those entities (the "Corporate Defendants") to ban the Individual Defendants from their services.

Plaintiff alleges the Individual Defendants posted copies of an accidental livestream video on YouTube, Twitch, and Discord.  The livestream video at issue was created on April 10, 2021, when Plaintiff's "livestream software turned on of its own accord" unbeknownst to him. (SAC ¶ 22.)  The "the only interesting and memorable" thing that occurred during the nearly two-hour "boring and contentless livestream" were "strange noises" that Plaintiff "did not cause."  (*Id.*

**SER4**

1    ¶ 23.)  Plaintiff registered the livestream with the United States Copyright Office.  RJN Ex. A.[1]

2          While Plaintiff pursued his claims in this action, he filed a similar case, *Stebbins v. Rebolo*,

3    4:22-cv-00546-JSW (the "Related Case"), which alleges additional claims of infringement of the

4    same content.[2]  Plaintiff seeks injunctive relief against the Corporate Defendants in the Related

5    Case.  That case is stayed pending final resolution of this matter.

6          On April 7, 2022, Plaintiff filed a motion for default judgment against the Individual

7    Defendants on April 7, 2022.  Plaintiff voluntarily dismissed the Corporate Defendants to prevent

8    them from moving to dismiss his claim and in the hope of obtaining default judgment against the

9    Individual Defendants.  The Corporate Defendants moved to intervene to oppose Plaintiff's

10   motion for default judgment on the basis that they remain defendants in the related action, which

11   also addresses the copyrightability of the livestream.  Plaintiff opposes the motion to intervene.[3]

12         The Court will address additional facts as necessary in the analysis.

13                                  **ANALYSIS**

14   **A.    The Court Grants the Motion to Intervene.**

15         Alphabet and YouTube seek leave to intervene under Federal Rule of Civil Procedure

16   24(b).  Permissive intervention under Rule 24(b) requires "(1) an independent ground for

---

[1] The Court takes judicial notice of the Plaintiff's application to register the Accidental Livestream with the United States Copyright Office because it a matter of public record and is not subject to reasonable dispute.  *See Lewis v. Activision Blizzard, Inc.*, No. C 12-1096 CW, 2012 WL 5199505, at *1 n.1 (N.D. Cal. Oct. 22, 2012).

[2] Plaintiff has been deemed a vexatious litigant in the past and numerous courts in districts across the country have dismissed his lawsuits as frivolous and meritless.  *See, e.g.*, *Stebbins v. Google, Inc.*, No. 11-CV-03876-LHK, 2011 U.S. Dist. LEXIS 125701 (N.D. Cal. Oct. 27, 2011) (dismissing *sua sponte* as "frivolous" and "clearly baseless"); *Stebbins v. Stebbins*, 575 F. App'x 705, 705 (8th Cir. 2014) (noting it is "undisputed that Stebbins has proceeded in forma pauperis on at least sixteen complaints [as of 2014] that proved meritless, and has filed numerous frivolous motions"); *Stebbins v. Bradford*, No. 3:12-CV-03131, 2013 U.S. Dist. LEXIS 94179 (W.D. Ark. July 5, 2013) (dismissing complaint as frivolous); *Stebbins v. Hixson*, No. 3:18-CV-03040, 2018 U.S. Dist. LEXIS 79361 (W.D. Ark. May 8, 2018); *Stebbins v. Microsoft, Inc.*, No. C11-1362 JCC, 2012 WL 12896360, at *1 (W.D. Wash. Jan. 13, 2012), *aff'd sub nom. Stebbins v. Microsoft Corp.*, 520 F. App'x 589 (9th Cir. 2013); *Stebbins v. Texas*, No. 3:11-CV-2227-N (BK), 2011 U.S. Dist. LEXIS 146248, at *8-9 (N.D. Tex. Oct. 24, 2011).

[3] Plaintiff disregarded the Court's order denying his request to file a supplemental brief in response to the motion to intervene (Dkt. No. 150) and submitted a second request to file a supplemental brief.  The Court DENIES the request to file a supplemental brief (Dkt. No. 152) and STRIKES the unauthorized filings at docket numbers 153 and 154.

United States District Court
Northern District of California

1    jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's

2    claim or defense and the main action." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.,* 712

3    F.3d 1349, 1353 (9th Cir.2013).  Unlike intervention as of right, "even if all three requirements are

4    satisfied, the district court has discretion to deny permissive intervention." *SEC v. Small Bus.*

5    *Capital Corp.,* Civ. No. 5:12–03237 EJD, 2014 WL 3749900, at *2 (N.D. Cal. June 29, 2014).

6    "[P]ractical and equitable considerations play a large role in a court's decision to grant or deny

7    permissive intervention." *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 1:12-cv-02182-

8    KJM-KJN, 2016 WL 5847010, at *5 (E.D. Cal. Oct. 6, 2016) (citing *Spangler v. Pasadena City*

9    *Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).  In exercising its discretion, the court must

10   consider whether the intervention would prejudice the parties or delay the litigation, or whether

11   the intervenor would contribute to the development of the facts and the equitable adjudication of

12   the legal questions, are important considerations.  *Id.*; *see also* Fed. R. Civ. P. 24(b)(3).  "[T]he

13   court may also consider other factors in the exercise of discretion, including 'the nature and extent

14   of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by

15   other parties." *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

16        Alphabet and YouTube satisfy the threshold factors for permissive intervention.  First, the

17   jurisdictional requirement is inapplicable here because this is a federal-question case and Alphabet

18   and YouTube do not raise any new claims.  *Freedom from Religion Found., Inc. v. Geithner*, 644

19   F.3d 836, 844 (9th Cir. 2011) ("the independent jurisdictional grounds requirement does not apply

20   to proposed intervenors in federal-question cases when the proposed intervenor is not raising new

21   claims.").  Second, the motion to intervene was timely filed just one week after Plaintiff

22   voluntarily dismissed the Corporate Defendants from the action.  Third, the issue of the

23   copyrightability of the livestream is common to this case and the Related Case, in which Alphabet

24   and YouTube are defendants.

25        Because these factors are satisfied, the decision whether to permit permissive intervention

26   is "committed to the broad discretion of the district court." *Degamo v. Bank of Am., N.A.*, 849 F.

27   App'x 620, 623 (9th Cir. 2021) (citation omitted).  In exercising its discretion to grant or deny

28   permissive intervention, a court must consider whether the intervention will "unduly delay or

United States District Court
Northern District of California

3

1    prejudice the adjudication of the rights of the original parties." *Venegas v. Skaggs*, 867 F.2d 527,

2    530 (9th Cir. 1989), *aff'd sub nom.*, 495 U.S. 82 (1990).

3         The discretionary considerations favor permissive intervention.  Alphabet and YouTube's

4    interests are not represented in this litigation because the Individual Defendants—the only

5    remaining defendants— have defaulted.  Additionally, intervention would not cause undue delay

6    as there are no pending deadlines.  Nor will intervention prejudice Plaintiff.  Plaintiff asserts

7    intervention would be prejudicial because he voluntarily dismissed Alphabet from this action and

8    permitting intervention would effectively circumvent that dismissal.  The Court finds Plaintiff's

9    argument unpersuasive.  YouTube was never named as defendant in this case, and Plaintiff cites

10   no authority for the proposition that Rule 41(a) dismissal prevents permissive intervention Rule

11   24(b) under these circumstances.

12        Moreover, permitting intervention "will promote judicial economy and spare the parties

13   from needing to litigate a similar case..." *See California v. Health & Hum. Servs.*, 330 F.R.D.

14   248, 255 (N.D. Cal. 2019).  The copyrightability of the same livestream is at issue in the Related

15   Case.  Considering the same issue twice in different cases not only wastes judicial resources, but it

16   could lead to inconsistent results.

17        Finally, Plaintiff's behavior in this case favors permissive intervention.  Plaintiff has made

18   no secret that he dismissed the Corporate Defendants to prevent them from challenging the

19   validity of the livestream's copyright and that he intends to re-litigate the same issue in the

20   Related Case.  Plaintiff's abuse of the litigation process and his attempt to evade a ruling on an

21   essential question at the core of both cases, favor intervention.

22        For these reasons, the Court GRANTS the motion to intervene.  YouTube and Alphabet

23   may enter this case as permissive intervenors (the "Intervenors").  The Court will consider the

24   Intervenors' arguments in opposition to Plaintiff's motion for default judgment.

25   **B.    The Court Denies the Motion for Default Judgment.**

26        Plaintiff has filed a motion for default judgment as to the Individual Defendants.  The

27   Intervenors oppose Plaintiff's motion for default judgment.

28        Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case

*United States District Court*
*Northern District of California*

4

**SER7**

1    following a defendant's default.  *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d

2    995, 999 (N.D. Cal. 2001).  Whether to enter judgment lies within the court's discretion.  *Id*. at

3    999 (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).  In *Eitel v. McCool*, the

4    Court identified seven factors that district courts may consider in exercising their discretion to

5    award a default judgment:

6          (1) the possibility of prejudice to the plaintiff, (2) the merits of
           plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)
7          the sum of money at stake in the action [,] (5) the possibility of a
           dispute concerning material facts [,] (6) whether default was due to
8          excusable neglect, and (7) the strong policy underlying the Federal
           Rules of Civil Procedure favoring decision on the merits.
9

10   782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).  Here, the sufficiency of the complaint

11   and the merits of Plaintiff's substantive claim preclude default judgment.

12        To state a claim for copyright infringement, Plaintiff must establish he owns a valid

13   copyright in the work at issue.  To be copyrightable, the work must be original to the author,

14   which means that it must "possess[] at least some minimal degree of creativity."  *Feist Publ'ns,*

15   *Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) (citation omitted).  The work also must be

16   the product of human authorship.  17 U.S.C. § 101; *see also* U.S. Copyright Office, Compendium

17   of U.S. Copyright Office Practices § 313.2 (3d ed. 2021) ("works produced by a machine or mere

18   mechanical process that operates randomly or automatically without any creative input or

19   intervention from a human author" are not copyrightable.)  Plaintiff cannot establish either

20   element here.

21        First, the livestream lacks even the minimal degree of creativity required to be

22   copyrightable.  Plaintiff alleges that the livestream is "contentless and boring."  (SAC ¶ 23.)  His

23   recording software ran for two hours capturing Plaintiff's "mundane, daily activities" before

24   Plaintiff noticed and turned it off.  (*Id*.)  Plaintiff admits that the only notable part of the

25   livestream were "strange noises" that he "did not cause."  (*Id*. ¶ 23.)  Thus, the allegations

26   establish the creation of the livestream occurred unbeknownst to Plaintiff and without his creative

27   input or direction and thus, is not copyrightable.

28        Plaintiff's arguments in opposition are unconvincing.  First, he asserts that the video

*United States District Court*
*Northern District of California*

1   contains acts of creative individual expression, specifically his facial expressions, which he claims

2   suffice to meet the minimum standard for creativity needed for copyright protection.  (Opp. ¶¶ 70-

3   73.)  Not so.  Because Plaintiff did not know he was being recorded, his facial expressions were

4   not creative choices.  He also argues that accidental works can be copyrightable.  But this situation

5   is not like that in Plaintiff's cited case, where the court found that an unintentional variation in the

6   artist's intended work caused by "bad eyesight or defective musculature, or a shock caused by a

7   clap of thunder" might still constitute creative expression.  *Alfred Bell & Co. v. Catalda Fine Arts,*

8   *Inc.*, 191 F.2d 99, 104-105 (2d Cir. 1951).  Here, Plaintiff was not engaged in the process of

9   creating an intended work because he the recording occurred without his knowledge.

10   Accordingly, the livestream does not possess the creativity necessary for it to be copyrightable.

11        Second, the livestream is not the product of human authorship.  Plaintiff himself concedes

12   that his copyright is invalid if the streaming software turned on of its own accord, and that is

13   precisely what he alleges in the complaint.  (*See* SAC ¶ 22; *see also* Dkt. No. 127-20 ¶ 42.)  In

14   opposition, Plaintiff contends that his allegations should not be taken literally and that it is "likely

15   that the streaming software turned on as a result of an errant keystroke, rather than purely

16   autonomous means."  (Opp. ¶ 20.)  Plaintiff's efforts to recast his allegations are unpersuasive.

17   Plaintiff admits he does not know how the streaming software turned which means he cannot

18   plausibly allege that the livestream was the product of human authorship.  Regardless, even if the

19   Court accepts Plaintiff's strained "figurative" reading of his allegations, the lack of creativity in

20   the livestream, as discussed above, still dooms his copyright claim.

21        Finally, Plaintiff asserts that his copyright is presumed valid because he registered it with

22   the United States Copyright Office, which establishes "prima facie evidence of the validity of the

23   copyright."  17 U.S.C. § 410(c).  However, "[t]he presumption of the validity of a registered copy-

24   right may be overcome by the offer [of] some evidence or proof to dispute or deny the plaintiff's

25   prima facie case of infringement."  *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d

26   1140, 1145 (9th Cir. 2003) (citation omitted); *see also Texkhan, Inc. v. Dress Barn, Inc.,* No. CV

27   16-4528-MWF(GJSX), 2018 WL 5099729, at *5 (C.D. Cal. Feb. 6, 2018) ("A defendant may

28   rebut the presumption of validity by showing evidence that the certificate of registration contains

United States District Court
Northern District of California

United States District Court
Northern District of California

1   inaccurate information that: (1) was included with knowledge that it was inaccurate; and (2) would

2   have caused the Register of Copyrights to refuse registration.") (citations omitted).  Here,

3   Plaintiff's registration application contained inaccurate and incomplete information: it claimed the

4   livestream was a "Dramatic Work" and did not disclose the circumstances by which the recording

5   occurred.  (RJN, Ex. A.)  Thus, the allegations in the complaint and evidence in the record

6   overcome the presumption of the validity of the registered copyright.

7         Plaintiff relies heavily on the earlier screening order in which the Court permitted

8   Plaintiff's copyright claim to proceed.  However, as the Intervenors note, at the time the Court

9   screened the complaint, it was not aware that Plaintiff's registration was based on an inaccurate

10  application.  Additionally, because Plaintiff is proceeding *in forma pauperis*, the Court retains the

11  power to dismiss the case at any time if it determines that the action is frivolous, malicious, or

12  fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).  Thus, the

13  Court's earlier screening order does not preclude it from determining at this stage that the

14  complaint fails to state a claim on which relief may be granted.

15        For these reasons, Plaintiff's complaint fails to adequately plead a copyright claim.

16  Default judgment is improper, and Plaintiff's claims are dismissed.  *Alan Neuman Prods., Inc. v.*

17  *Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988) (reversing entry of default judgment where

18  complaint failed to meet pleading standards).

19        Plaintiff requests leave to amend to correct the deficiencies in his copyright claim.  A

20  plaintiff should be permitted leave to amend unless amendment would be futile.  *Cook, Perkiss &*

21  *Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).  "To determine

22  whether amendment would be futile, courts examine whether the complaint can be amended to

23  cure the defect requiring dismissal 'without contradicting any of the allegations of [the] original

24  complaint.'"  *Kifle v. YouTube LLC*, No. 21-CV-01752-CRB, 2022 WL 1501014, at *2 (N.D. Cal.

25  May 12, 2022) (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)).  The

26  Court finds amendment would be futile.  Plaintiff's allegations and admissions regarding the

27  circumstances surrounding the creation of the livestream are fatal to his copyright claim.  There

28  are no facts Plaintiff could allege to save his deficient claim that would not impermissibly

**SER10**

1   contradict his original pleadings.  For this reason, amendment is futile.

2          Plaintiff clearly feels aggrieved by comments made about him online by the Individual

3   Defendants and others, but that does not mean Plaintiff has a viable copyright claim.  He does not,

4   and his pursuit of his claim has caused the Court to expend significant resources addressing his

5   meritless claims.  Plaintiff is warned that if he persists in filing frivolous or meritless lawsuits, the

6   Court may impose sanctions, bar from him from filing further actions without prior approval,

7   and/or deem him a vexatious litigant.

8                                    **CONCLUSION**

9          For the foregoing reasons, the Court GRANTS the motion to intervene (Dkt. No. 138),

10  DENIES the motion for default judgment (Dkt. No. 127), and DISMISSES the case WITH

11  PREJUDICE.

12         The Clerk shall terminate any pending motions as moot and close the file.

13         **IT IS SO ORDERED.**

14  Dated: July 11, 2022

15  _____

16  JEFFREY S. WHITE
    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

8