David Stebbins (pro se)     123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947     acerthorn@yahoo.com

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DAVID STEBBINS,     PLAINTIFF

VS.     <u>Case 23-15531</u>

KARL POLANO, et al     DEFENDANTS

### APPELLANT'S FIRST SUPPLEMENTAL BRIEF

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Supplemental Brief in the above-styled action.

### TABLE OF AUTHORITIES

1. Only one new authority needs to be cited: The case of Trump v. United States, 603 U.S. ___ (2024) (designated for publication).

### FACTS OF THE CASE

2. In this case, I seek to appeal, among other things, the district court's order granting the intervenors' motion to intervene, which had the effect of canceling my voluntary dismissal. On appeal, I argued that any attempt to circumvent or nullify the voluntary dismissal, in any way shape or form, is automatically reversible error because my right to issue the dismissal, and the effect thereof, are both "absolute" as set forth by Ninth Circuit binding precedent.

### ARGUMENT

3. After normal briefing in this case had closed, the Supreme Court issued its decision in the case of Trump v. United States, 603 U.S. ___ (2024), which held that presidents have "absolute" immunity from criminal prosecution for the

exercise of their core constitutional powers. Like with the power of the voluntary dismissal in civil cases, this immunity is "absolute."

4. While the Supreme Court held that the president has only presumptive immunity for official acts which he shares with the other branches of government, as well as no immunity at all for unofficial acts, the Supreme Court still cautioned about two major restrictions on the government's ability to prosecute former presidents. Namely ...

    (a) Neither the prosecution nor courts may inquire into the president's subjective motives, and

    (b) Evidence from acts which the President is immune cannot be used as evidence in any proceeding in which he is not immune.

5. These two restrictions have direct analogies to the instant case, which is why I am bringing them up here.

6. But first, let's talk about the immunity itself. Just like my right to issue the voluntary dismissal and the effects thereof, the immunity is likewise said to be "absolute." For this reason, the Supreme Court has held that, once it is applicable, it cannot be overcome for literally any reason. It doesn't matter how much damage was done. It doesn't matter how objectively evil the act was. It doesn't matter how many civil rights, constitutional rights, or even *human* rights were violated. Absolute means absolute.

7. Likewise, in the instant case, because my right to issue the voluntary dismissal, and the effects thereof, were both "absolute," that means it doesn't matter who gets harmed as a result of it. It doesn't matter whose rights were violated. It doesn't matter how prejudicial to the adminis-tration of justice it was.

None of that matters, because absolute means absolute.

8. And for the record, I am not conceding that I infringed on anyone's rights, that anyone was harmed (unless you count hurt feelings), or that the administration of justice was in any way impaired. I'm saying *it doesn't matter* because absolute means absolute.

9. As I said before: What part of "absolute" do you not understand?

10. Then there are the aforementioned restrictions. These were put in place to prevent prose-cuting attorneys from using immune acts as collateral evidence to make it easier to prosecute non-immune acts. In many ways, this is similar in principle to the reasoning behind Federal Rule of Evidence 404, which holds that evidence of prior bad acts is inadmissible to prove that the defendant acted in conformity therewith on a particular occasion. If prosecutors were able to introduce evidence of immune acts to support their case against non-immune acts, it could very easily quickly become a case where the president is on trial for, and having to defend, acts which he should be immune from, which defeats the whole purpose of giving the president immunity.

11. Also, the president's motives cannot be considered at all.

12. Applying this logic to the instant case, the district judge undeniably used what he believed was my motives for issuing the voluntary dismissal as a factor in granting the motion to intervene. See Dkt. 158, Page 4, Lines 17-21 ("Plaintiff's behavior in this case favors permissive intervention. Plaintiff... Plaintiff's abuse of the litigation process and his attempt to evade a ruling on an essential question at the core of both cases, favor intervention"). This, according to the Supreme Court's precedent as to what "absolute" means, is reversible error per se.

13. Not only must this Court overturn the district court's judgment, but the district could shouldn't even be allowed to use the dismissal as a factor in literally any other consideration.

14. Now, I understand that the district court and the intervenors do not like that the dismissal and my right to issue it are both absolute. I fully understand that. But at the same time, I'm not the one saying it's absolute; *you* are! The Court of Appeals for the Ninth Circuit, *you* are the ones saying it's absolute, in multiple published cases! Unlike Donald Trump, I am not attempting to convince the Court to adopt a new, never before seen policy. I am merely taking the precedent *you* already set, and merely asserting my rights under it.

## CONCLUSION

15. Briefing has been completed in this case for over eight months as of the time of this writing. This is very unprofessional of the Court to take this long to rule on what should be an open and shut case. As I said, the right to the dismissal is absolute. There's nothing to litigate. This appeal should have been over before it began. So please, stop stalling and overturn the judgment.

16. Wherefore, premises considered, I respectfully pray that the district court's judgment be overturned. So requested on this, the 8th day of July, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)
