**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ANTHONY STEBBINS, DBA Acerthorn,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>KARL POLANO, DBA Sofiannp; et al.,<br><br>    Defendants-Appellees,<br><br> and<br><br>FACEBOOK, INC.,<br><br>    Defendant. | No. 23-15531<br><br>D.C. No. 4:21-cv-04184-JSW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted August 20, 2024**

Before:  S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

David Anthony Stebbins appeals pro se from the district court's judgment

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his action alleging copyright infringement and related claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We may affirm on any ground supported by the record. *Jones v. Allison*, 9 F.4th 1136, 1139 (9th Cir. 2021). We affirm.

The district court properly dismissed Stebbins's copyright infringement claim because Stebbins failed to allege facts sufficient to show that he was the owner of a valid copyright in the "accidental livestream." *See Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc) (setting forth elements of a claim for copyright infringement); *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1075-76 (9th Cir. 2000) (explaining that defendants may overcome the presumption of validity raised by a certificate of registration by demonstrating why a work is not copyrightable); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345-46 (1991) (explaining that to qualify for copyright protection, a work must possess "some minimal degree of creativity;" copyright is "limited to original intellectual conceptions of the author" (citation and internal quotation marks omitted)).

The district court properly dismissed Stebbins's intentional infliction of emotional distress claim because Stebbins failed to allege facts sufficient to show

that Stebbins suffered severe or extreme emotional distress. *See Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (setting forth elements of an intentional infliction of emotional distress claim).

Dismissal of Stebbins's claim under 17 U.S.C. § 512(f) was proper because Stebbins failed to allege facts sufficient to show that defendants had actual knowledge of any misrepresentation. *See Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1004-05 (9th Cir. 2004) (explaining that liability under 17 U.S.C. § 512(f) requires "a demonstration of some actual knowledge of misrepresentation").

We reject as unsupported by the record Stebbins's contention that the district court failed to construe his pleadings liberally.

The district court did not abuse its discretion by denying Stebbins's motions for default judgment against the individual defendants. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (affirming denial of default judgment based on "the lack of merit in" plaintiff's underlying claims).

The district court did not abuse its discretion by granting Alphabet, Inc. and YouTube, LLC's motion to intervene because movants demonstrated that there was a common question of law and fact between their defense and this action, and

the district court determined that the intervention would not cause undue delay or prejudice. *See Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (setting forth standard of review, requirements for a party to intervene permissibly under Fed. R. Civ. P. 24(b), and factors for the court to consider in the exercise of its discretion). We reject as without merit Stebbins's contention that the district court abused its discretion by considering Stebbins's litigation conduct in ruling on the motion to intervene.

The district court did not abuse its discretion by denying leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by denying Stebbins's motion for leave to file a motion for reconsideration or to vacate the judgment because Stebbins failed to establish grounds for relief. *See* N.D. Cal. L. R. 7-9 (setting forth procedure and grounds for reconsideration); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (setting forth standard of review for application of a local rule); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 60(b)(6)). We reject as unsupported by the record Stebbins's

contention that the district court improperly construed his motion for leave to file a motion for reconsideration as a motion for reconsideration.

The district court did not abuse its discretion by denying Stebbins's motion to recuse District Judge White because Stebbins failed to establish any basis for recusal. *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (setting forth standard of review and discussing standard for recusal under 28 U.S.C. §§ 144 and 455). We reject as unsupported by the record Stebbins's contention that the district judge was biased against him.

The district court did not abuse its discretion by denying Stebbins's motion for sanctions because Stebbins failed to establish grounds for sanctions. *See Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1171, 1174 (9th Cir. 2018) (setting forth standard of review and grounds for sanctions under Fed. R. Civ. P. 11).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Stebbins's motion to file a supplemental brief (Docket Entry No. 31) is denied.

**AFFIRMED.**